**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raw Films, Ltd., | No. CV-11-1603-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| John Does 1-36, | |
| Defendant. | |

On February 3, 2012, the Court issued the following order:

Plaintiff has filed a motion for extension of time to serve the complaint because third party Cox Communications has failed to provide Plaintiff with the names of 20 of the 36 Doe Defendants.[1] First, the Court finds that Plaintiff has failed to show cause to extend time to serve the 16 Defendants for whom Cox is not withholding the address.[2] Therefore, before the Court considers the motion to extend time, Plaintiff will be required to complete the following.

IT IS ORDERED that by February 10, 2012, Plaintiff shall file with the Court a list of which 20 of the Doe Defendants for which it still does not have identities.

IT IS FURTHER ORDERED that by February 10, 2012, Plaintiff shall file a proof of service for any of the 16 remaining Doe Defendants Plaintiff has served.

---

[1] The Doe Defendants are IP addresses for which Plaintiff must subpoena a third party to learn the true identities to effect service.

[2] For example, Plaintiff has voluntarily dismissed Defendant 22, so presumably that Defendant's identity is known and he/she would be in this 16. Further, Defendant 5 and Defendant Romulo Ramirez, Jr. (neither party has identified which Doe he is) have appeared, so presumably they would be in this 16 also.

On February 9, 2012, Plaintiff filed an amended complaint (Doc. 23), which includes as Defendants Does 1-20, Jay J. Roth (unknown original Doe number), Josip Gotvald (unknown original Doe number), and Doe 28.  Then on February 10, 2012, counsel filed a motion dated December 13, 2011 seeking an extension of time to January 12, 2012 to complete service.  This motion appears to have been filed in error.  Further, the Court still is unclear as to exactly which Defendants have been served and when; and for which Defendants Plaintiff still does not have true identities.[3]

Accordingly, the motion for extension of time to serve will be denied, without prejudice.  By March 9, 2012, Plaintiff shall file a new motion for extension of time to serve, and shall list each Defendant one by one, stating whether he/she has been served, and if so on what date (and shall attach a proof of service), if he/she has not been served, on what date Plaintiff received the true name of the owner of the IP address from the ISP, and through what date Plaintiff seeks an extension of time to serve with an explanation of why service has not yet been accomplished.  If Plaintiff fails to provide the Court with the details the Court seeks about the status of each Defendant, the Court will dismiss all remaining Defendants for failure to serve within the time limits of Federal Rule of Civil Procedure 4(m).  Thus,

**IT IS ORDERED** that the motion for extension of time to serve (Doc. 30) is denied without prejudice to refiling by March 9, 2012, consistent with this Order.

DATED this 2nd day of March, 2012.

James A. Teilborg
United States District Judge

---

[3] These management problems in cases with multiple unrelated Doe Defendants have caused many courts to sua sponte sever all but the first Doe Defendant, a course of action this Court is still considering.  *See, e.g., SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620, at *3-4 (N.D.Cal. Nov. 30, 2011).