**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raw Films, Ltd., | No. CV-11-1603-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| John Does 1-20, Jay Roth, Josip Gotvald, and John Doe 28, | |
| Defendants. | |

Plaintiff filed a copyright infringement suit against a group of Doe defendants. Pending before the Court are Plaintiff Raw Films, Ltd.'s Motion for Entry of Default Judgment against Defendants Jay Roth and Josip Gotvald (Doc. 41), Defendant Josip Gotvald's Motion to Set Aside Clerk's Entry of Default (Doc. 44), John Doe 28's Motion to Quash Supoena [sic] (Doc. 11), and John Doe 5's Ex Parte Motion seeking to seal his name and contact information and further seeking permission to file a separate motion to quash/modify a subpoena and to dismiss (Doc. 19). The Court now rules on the motions.

**I.    BACKGROUND**

Plaintiff Raw Films, Ltd. owns the copyright to an adult film. Doc. 1 at 3-4. Plaintiff alleges that this film was made available through a peer-to-peer file sharing protocol known as BitTorrent. *Id.* at 9. Plaintiff further alleges that each of the 36 Doe Defendants originally named in this lawsuit used BitTorrent to illegally share and download Plaintiff's copyrighted film, thereby infringing Plaintiff's copyright. *Id.*

Because Plaintiff could only identify the Defendants by the IP addresses associated with the computers used to download the film, this Court granted Plaintiff leave to serve subpoenas on the Defendants' Internet Service Providers to determine the true names and contact information of the subscribers using those IP addresses.  Doc. 9.  Plaintiff then entered into confidential settlement agreements with Does 21-25 and 29-36, *see* Doc. 36, and filed an Amended Complaint against only John Does 1-20, Jay Roth, Josip Gotvald, and John Doe 28 on February 9, 2012.  Doc. 23.  The Amended Complaint otherwise contained the same allegations of copyright infringement that were in the original Complaint.  *Id.*  Plaintiff subsequently settled with or otherwise dismissed all but two of the remaining Defendants, Josip Gotvald and Jay Roth.  Docs. 29, 36 & 42.

Because Mr. Gotvald and Mr. Roth failed to answer or otherwise defend against the Complaint, Plaintiff applied for an entry of default on March 22, 2012.[1]  Doc. 38.  The Clerk entered default against Mr. Roth and Mr. Gotvald on March 23, 2012.  Doc. 39.  Plaintiff then filed a motion for default judgment against Mr. Roth and Mr. Gotvald, seeking statutory damages, injunctive relief, and awards of costs and attorney fees.  Doc. 41.  Mr. Roth has not responded to Plaintiff's motion.  However, Mr. Gotvald filed a motion to set aside the Clerk's entry of default on May 24, 2012.  Doc. 44.  Plaintiff did not respond to Mr. Gotvald's motion.

**II.   ANALYSIS**

     **A. Defendant Josip Gotvald's Motion to Set Aside the Entry of Default under Rule 55(c)**

The Court may set aside the entry of default if good cause is shown.  Fed. R. Civ. P. 55(c).  In determining whether good cause has been shown, the Court considers: 1) whether there was culpable conduct on the part of the defendant that led to the default; 2) whether any meritorious defenses are available; and 3) whether reopening the default

---

[1] Mr. Roth moved for an extension of time to file an answer (Doc. 32).  Though the Court granted the extension and gave Mr. Roth until March 16, 2012 (Doc. 35), Mr. Roth never filed an answer or any additional motions.

judgment would prejudice the plaintiff. *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). The party seeking to set aside an entry of default under Rule 55(c) bears the burden of demonstrating that these factors favor setting aside the entry of default. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). This burden, however, is not "extraordinarily heavy." *Id.* at 700.

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Id.* at 697. Intentional conduct, in this context, must rise to the level of conduct which is willful, deliberate, or done in bad faith. *Id.* 697-98. There is no evidence that Mr. Gotvald acted in bad faith when he failed to file an answer. The first factor therefore weighs in favor of setting aside the entry of default.

To establish that a meritorious defense exists, the defendant must allege specific facts that would constitute a defense. *Id.* at 700. The Court need not conclude that the defendant will prevail on the alleged defense to determine that this factor weighs in favor of setting aside default. *See Apache Nitrogen Prods., Inc. v. Harbor Ins. Co.*, 145 F.R.D. 674, 682 (D. Ariz. 1993). Instead, the Court need only find that after a trial on the merits, the alleged defense may cause a different result than default. *Id.*

Here, Mr. Gotvald denies any involvement in the downloading of Plaintiff's film. Indeed, thus far the only apparent connection between Mr. Gotvald and any potential infringement is that the IP address registered to Mr. Gotvald was used to download the film. However, Mr. Gotvald alleges that he did not download nor view Plaintiff's copyrighted material. He further alleges that he does not own a computer nor know how to download files through a BitTorrent client. Such a defense goes to the merits of Plaintiff's claims. *See West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 13 (D.D.C. 2011) (noting that movants' objections "that they have no knowledge of the alleged infringing activity, or that someone else downloaded and/or distributed Plaintiff's copyrighted film using their IP address, possibly through an unsecured wireless network

connection . . . go to the merits of Plaintiff's claims")  Thus, at trial it may be established that, though the internet connection used to download the copyrighted material is registered to Mr. Gotvald, he is not liable for any copyright infringement because he did not participate in or know about any illegal downloading of Plaintiff's film through his internet connection.  This result, of course, is very different than default, and this factor accordingly weighs in favor of setting aside the default.

For the setting aside of an entry of default to be prejudicial under the third factor, the plaintiff's ability to pursue its claim must be hindered. *TCI*, 244 F.3d at 700.  There is no evidence that Plaintiff's ability to pursue its claim will be hindered if the entry of default against Mr. Gotvald is set aside.

Because all three of the factors weigh in favor of setting aside the entry of default, the Court will grant Defendant Josip Gotvald's motion to set aside the entry of default. Further, because Plaintiff did not respond to Mr. Gotvald's motion and because the Court does not consider oral argument on this issue to be necessary, the Court will deny Mr. Gotvald's request for oral argument.  *See* L.R. Civ. 7.2(f).

### B.  Plaintiff's Motion for Default Judgment

Plaintiff has moved this Court to enter a default judgment against Defendants Jay Roth and Josip Gotvald.  Because the Court has found good cause exists to set aside the Clerk's entry of default against Mr. Gotvald, it will deny Plaintiff's motion to enter a default judgment against him.  Thus, the Court will only consider Plaintiff's motion with respect to Mr. Roth.

Once the Clerk of Court has entered default, the Court has discretion to grant default judgment pursuant to Rule 55(b).  *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  When the Court considers the entry of default judgment, the well-pleaded "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).  "Factors which may be considered by courts in exercising discretion as to the entry of a default

judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the only damages Plaintiff seeks are statutory damages. Under federal copyright law, "the copyright owner may . . . recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work . . . a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). These damages may be increased to up to $150,000 where the infringement is willful. 17 U.S.C. § 504(c)(2).

Having considered Plaintiff's motion for entry of default judgment and the *Eitel* factors, and having reviewed the well-pleaded factual allegations of the complaint, the Court concludes that an entry of default judgment against defendant Jay Roth is appropriate in the amount of $750. Though Plaintiff asks for $30,000 in damages, Plaintiff largely bases that number on what it deems to be "the lost sales of its DVDs to . . . thousands of infringers." Doc. 41-1 at 9. However, Plaintiff has settled with or dismissed nearly every other defendant in this action and has not shown that it has not been adequately compensated for the infringements of the other defendants. Further, the Court does not find that increased damages based on any alleged willful infringement are appropriate. Hence, the Court, in its discretion, finds that an award of $750 is just in this case.

Plaintiff has also requested $1340.00 in attorney fees and costs. In copyright cases, a court "in its discretion may allow the recovery of full costs by or against any party . . . [and] may also award a reasonable attorney's fee to the prevailing party. . . ." 17 U.S.C. § 505; *see also Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 883-85 (9th Cir. 2005) (discussing the scope of § 505). However, Plaintiff has done

nothing more than simply state the total amount of attorney fees it requests—there is no itemization or other explanation of the fees that the Court could use to determine the reasonableness of the requested attorney fees. With respect to costs, Plaintiff also fails to provide evidence of the costs it requests or to demonstrate the reasonableness of allocating the requested costs to Mr. Roth, one of multiple defendants joined in this lawsuit. Plaintiff's request for attorney fees and costs is therefore denied.

Finally, Plaintiff has also requested injunctive relief. The Copyright Act authorizes a court to grant injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Here, Plaintiff seeks an injunction that enjoins Mr. Roth from continuing to infringe Plaintiff's copyright and orders Mr. Roth to delete any copies of Plaintiff's copyrighted film on computers in his possession. The Court finds that the requested injunction and its terms provide a reasonable method for preventing further infringement of Plaintiff's copyright. Therefore, Plaintiff's requested injunction is granted.

### C. Remaining Pending Motions

Defendant John Doe 28 filed a motion to quash subpoena (Doc. 11). However, Plaintiff subsequently voluntarily dismissed John Doe 28 with prejudice (Doc. 42). That motion is therefore denied as moot.

Defendant John Doe 5 also filed a motion seeking to seal all documents containing that Defendant's name and contact information (Doc. 19). The motion further seeks permission to separately file a motion to quash or modify the subpoena and to dismiss, which does not include John Doe 5's true name or contact information. The motion to quash and to dismiss is currently lodged under seal at Doc. 20. Because John Doe 5 was also voluntarily dismissed with prejudice (Doc. 42), the Court will strike both Docs. 19 and 20 and order that they remain under seal.

///
///
///

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** granting Defendant Josip Gotvald's Motion to Set Aside Clerk's Entry of Default (Doc. 44).

**IT IS FURTHER ORDERED** that Mr. Gotvald shall answer the Complaint or otherwise defend within 20 days from the date of this Order.

**IT IS FURTHER ORDERED** denying in part and granting in part Plaintiff's Motion for Entry of Default Judgment (Doc. 41).  The motion is denied with respect to Mr. Gotvald.  The motion is granted with respect to Defendant Jay Roth to the extent provided in the Default Judgment filed herewith.

**IT IS FURTHER ORDERED** denying the Motion to Quash Supoena [sic] at Doc. 11 as moot.

**IT IS FURTHER ORDERED** striking Defendant John Doe 5's Motions at Docs. 19 and 20.  The Clerk shall leave Docs. 19 and 20 under seal.

DATED this 22nd day of June, 2012.

James A. Teilborg
United States District Judge