**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raw Films, Ltd., | ) No. CV 11-1603-PHX-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Jay Roth, | ) |
| Defendant. | ) |

Pending before the Court is Defendant Jay Roth's Motion to Set Aside Default Judgment (Doc. 50).

**BACKGROUND**

Plaintiff originally filed this suit against 36 unknown defendants, alleging in its original Complaint that each defendant had infringed Plaintiff's copyright in a film by downloading the film from the Internet without Plaintiff's authorization. *See* Doc. 1. After settling with several defendants, Plaintiff subsequently filed an Amended Complaint alleging the same infringement against 23 defendants, including Jay Roth. *See* Doc. 23. Plaintiff has since settled with or otherwise dismissed 22 of those defendants, leaving Mr. Roth as the only defendant not voluntarily dismissed from this suit. Though Mr. Roth at one point moved for, and was granted, an extension of time to answer the Amended Complaint, *see* Docs. 32, 35, Mr. Roth never actually filed an answer or otherwise defended against the Amended Complaint. The Clerk entered default against Mr. Roth on March 23, 2012. *See*

Doc. 39. On June 22, 2012, the Court granted Plaintiff's motion for default judgment against Mr. Roth and entered default judgment against him. *See* Docs. 45, 46.

On August 22, 2012, Mr. Roth filed the currently pending motion to set aside the default judgment against him, and Plaintiff subsequently filed a Response. The Court now rules on the motion.

## ANALYSIS

Rule 60 of the Federal Rules of Civil Procedure states that "on motion and just terms, [a] court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." FED. R. CIV. P. 60(b). The rule further enumerates several reasons for which a court may provide such relief. *Id.* The only reason that is relevant to this Order is "excusable neglect" under Rule 60(b)(1).

In the Ninth Circuit, "Rule 60(b) is 'remedial in nature and . . . must be liberally applied." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). When a defendant seeks relief from a default judgment under Rule 60(b)(1) based upon excusable neglect, a court applies the "*Falk* factors" to determine whether such relief may be granted. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). The factors that a court must consider are "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Id.* Furthermore, "[t]he determination of what conduct constitutes 'excusable neglect' under Rule 60(b)(1) and similar rules 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)). The Court will consider each of the three *Falk* factors accordingly.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply denying resolution of the case. Rather, 'the standard is whether plaintiff's ability to pursue his claim will be hindered.'" *TCI*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463). Merely being forced to litigate on the merits cannot be considered prejudicial for purposes

of Rule 60. *Id.* Here, Plaintiff does not argue that any prejudice will arise from granting Defendant's motion. Nor can the Court identify any potential prejudice. Accordingly, this factor favors Defendant.

With regard to the second factor, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Id.* at 700. However, this burden "is not extraordinarily heavy." *Id.* Here, Defendant asserts that, at the time of the alleged incident, his wireless internet connection was not password protected. Doc. 50 at 4. Therefore, because Defendant asserts that he did not download Plaintiff's film, Defendant argues that some unknown person must have done so through his unprotected internet connection. *Id.* The Court finds that Defendant has presented a meritorious defense, and the second factor favors Defendant.

Turning to the third and final *Falk* factor, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI*, 244 F.3d at 697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)) (emphasis added by *TCI* court). "Neglectful failure to answer as to which the defendant offers a credible good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under [the Ninth Circuit's] default cases, and is therefore not *necessarily*—although it certainly may be, once the equitable factors are considered—culpable or inexcusable." *Id.* at 697-98.

Here, Defendant asserts that his failure to answer arose "due to his own failure to understand the procedures of both the bankruptcy court and this Court." Doc. 50 at 3. Defendant, who is not an attorney and was not represented by counsel prior to the filing of the pending motion, states that he mistakenly believed that he was dismissed from this suit along with several other unnamed defendants. *Id.* He also asserts that he believed that this matter would be stayed due to his pending bankruptcy. *Id.*

Though Defendant's stated reasons for failing to answer appear to demonstrate great carelessness on his part, there is no evidence that Defendant had "any intention to take

advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI*, 244 F.3d at 697-98. Further, Plaintiff does not argue that Defendant had such an intention. Rather, Plaintiff only argues that Defendant's error was a "mistake of law" and that such a mistake cannot constitute excusable neglect. Doc. 51 at 1. However, to the extent that Defendant's conduct constitutes a mistake of law, there is no per se rule that "require[s] that a Rule 60(b) motion seeking relief following a failure to comply with court rules be rejected." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997). Rather, such a mistake must be considered along with other relevant equitable factors, as set forth in the Supreme Court's decision in *Pioneer*. *Id.*

Here, the Court holds that the default judgment against Defendant should be set aside. The first two *Falk* factors clearly favor Defendant. With regard to the third factor, the Court acknowledges that Defendant's stated reasons for defaulting are weak. There is no evidence, however, that Defendant did not act in good faith or that there was any "deviousness or willfulness" on Defendant's part. *See TCI*, 244 F.3d at 698 (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000)). Accordingly, because there has also been no decision on the merits in this case, setting aside the default judgment will best serve the "interests of substantial justice." *Id.* at 697. The Court therefore will grant Defendant's motion.

## CONCLUSION

Accordingly,

**IT IS ORDERED** granting Defendant Jay Roth's Motion to Set Aside Default Judgment (Doc. 50).

**IT IS FURTHER ORDERED** vacating the Default Judgment entered against Jay Roth on June 22, 2012 (Doc. 46).

///

//

/

**IT IS FURTHER ORDERED** that Defendant Jay Roth shall answer or otherwise respond to the Amended Complaint within twenty (20) days of the date of this Order.

DATED this 2nd day of October, 2012.

_____
James A. Teilborg
United States District Judge